# United States District Court

SOUTHERN  DISTRICT OF  NEW YORK

HELEN I. GREEN, as Executrix of the Estate of
MICHAEL H. LEVY, and HELEN I. GREEN,
Individually

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

ADVANCED CARDIOVASCULAR IMAGING,

**07 CV 3141**

**JUDGE KARAS**

TO: (Name and address of defendant)

ADVANCED CARDIOVASCULAR IMAGING
62 E. 88th Street
New York, New York 10128
(New York)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

PODLOFSKY HILL ORANGE & MODZELEWSKI, LLP
98 Cutter Mill Road
Ste 299N
Great Neck, NY 11021

an answer to the complaint which is herewith served upon you, within _____30_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                         APR 19 2007

CLERK                                                      DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HELEN I. GREEN, as Executrix of the Estate of
MICHAEL H. LEVY, and HELEN I. GREEN,
Individually,

                Plaintiffs,

-against-

ADVANCED CARDIOVASCULAR IMAGING,.

                Defendant.
-----------------------------------------------------------X

ECF Case

Case No: 07 CV 3141 KMK

COMPLAINT

Plaintiffs herein demand a jury trial.

    Plaintiffs, by their attorneys, PODLOFSKY HILL ORANGE & MODZELEWSKI, LLP, complaining of the defendant, allege upon information and belief as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the laws of the State of New York

2. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

3. Venue is based pursuant to 28 U.S.C. §1391(a)(1).

### PARTIES

4. Defendant is a corporation organized in the United States with principal place of business in the State of New York, County of New York.

5. At all relevant times, upon information and belief, defendant was and is a business entity existing under the laws of the State of New York, with its principal place of business located in New York, New York.

6. Plaintiff, HELEN I. GREEN, is a citizen of the United States and resident of the State of New Jersey.

7. Plaintiff, HELEN I. GREEN, was appointed Executrix of the Estate of MICHAEL H. LEVY on June 9, 2006.

8. At the time of Plaintiff-decedent's death, HELEN I. GREEN and MICHAEL H. LEVY were legally married.

## FACTUAL ALLEGATIONS

9. That on January 20, 2006, the Defendant undertook to perform medical testing on the plaintiff-decedent at the Defendant's office located at 62 E. 88th Street, New York, New York 10128.

10. That on January 20, 2006, the Defendant negligently performed medical testing on the Plaintiff-decedent at the Defendant's office located at 62 E. 88th Street, New York, New York 10128.

## AS AND FOR A FIRST CAUSE OF ACTION

11. That on January 20, 2006, Defendant negligently failed to exercise due care and failed to act in accordance with good and accepted standards of medical practice in the care, treatment and testing of the Plaintiff-decedent.

12. By reason of the foregoing, the Defendant breached its common law duties and, as a result of that breach, proximately caused physical, psychological and emotional injuries to the Plaintiff-decedent.

13. That as a result of the Defendant's negligence, the Plaintiff-decedent was caused to suffer severe personal injuries including pain and suffering.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiffs repeat, reiterate and re-allege each and every allegation and/or claim set forth in paragraphs 1 through 13 as if set forth fully at length herein.

15. By reason of the foregoing, the Defendant breached its common law duties and, as a result of that breach, proximately caused economic harm and pecuniary loss to the Plaintiff-decedent's estate and economic dependents.

16. That as a result of the Defendant's negligence, the Estate of MICHAEL H. LEVY and its economic dependents were caused to suffer pecuniary and economic loss.

## AS AND FOR A THIRD CAUSE OF ACTION

17. Plaintiffs repeat, reiterate and re-allege each and every allegation and/or claim set forth in paragraphs 1 through 16 as if set forth fully at length herein.

18. By reason of the foregoing, the Defendant breached its common law duties and, as a result of that breach, proximately caused psychological and emotional injuries to the Plaintiff, HELEN I. GREEN, including but not limited to loss of consortium and society and deprivation of services.

19. That as a result of the Defendant's negligence, the Plaintiff, HELEN I. GREEN was caused to suffer psychological and emotional injuries including but not limited to loss of consortium and society and deprivation of services.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment as follows:

a) awarding Plaintiffs compensatory damages in amounts to be determined at trial, in an amount not less than $1,000,000.00, together with attorneys' fees, interest and costs; and

b) such other and further relief as this Court deems just and proper.

Dated:       Great Neck, New York
                April 18, 2007

                                      Yours, etc.,

                                      PODLOFSKY HILL ORANGE
                                      &amp; MODZELEWSKI, LLP
                                      Attorneys for Plaintiff

                                       By:_____
                                          James Modzelewski, Esq. (JM1633)
                                      98 Cutter Mill Road, Suite 299N
                                      Great Neck, New York 11021
                                      (516) 487-7300

To:      ADVANCED CARDIOVASCULAR IMAGING
         Defendant
         62 E. 88TH Street, Lower Level
         New York, New York 10128