UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

HELEN I. GREEN, as Executrix of the
Estate of MICHAEL H. LEVY, and HELEN
I. GREEN, Individually,

                        Plaintiff,

  -against-

ADVANCED CARDIOVASCULAR IMAGING,

                        Defendant.
-----------------------------------------X

**ANSWER**

07 CV 3141

JUDGE KENNETH KARAS

DEFENDANT DEMANDS
TRIAL BY JURY

The defendant, EAST SIDE MEDICAL RADIOLOGY, P.L.L.C., doing business as ADVANCED CARDIOVASCULAR IMAGING, by its attorneys, MORRIS DUFFY ALONSO & FALEY, upon information and belief, answers the plaintiff's Complaint herein as follows:

**ANSWERING JURISDICTION AND VENUE**

FIRST.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "1", "2" and "3".

**ANSWERING PARTIES.**

SECOND.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "4".

THIRD.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "5" in the form alleged except admits the defendant is a d/b/a of East Side Medical Radiology, P.L.L.C. with its principal place of business located in New York, New York.

FOURTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "6", "7" and "8".

### ANSWERING FACTUAL ALLEGATIONS.

FIFTH.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "9" in the form alleged except admits the plaintiff's decedent underwent testing at the defendant's office at 62 East 88th Street, New York, New York on January 20, 2006.

SIXTH.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "10".

**ANSWERING FIRST CAUSE OF ACTION.**

SEVENTH.  Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "11", "12" and "13".

**ANSWERING SECOND CAUSE OF ACTION.**

EIGHTH.  As to the paragraph of the Complaint designated "14", defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "13" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

NINTH.  Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "15" and "16".

**ANSWERING THIRD CAUSE OF ACTION.**

TENTH.  As to the paragraph of the Complaint designated "17", defendant repeats and realleges each and every denial

heretofore made with respect to paragraphs "1" through "16" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

ELEVENTH. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "18" and "19".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE.**

TWELFTH. Any damages which may have been sustained by the plaintiff were contributed to in whole or in part by the culpable conduct of the plaintiff's decedent, pursuant to Section 14-A, CPLR.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE.**

THIRTEENTH. Any damages which may have been sustained by the plaintiff were contributed to in whole or in part by the culpable conduct of third parties not under the control of defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE.**

FOURTEENTH. Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE.**

FIFTEENTH. With respect to any causes of action set forth in plaintiff's Complaint based upon defendant's alleged failure to obtain an informed consent, defendant intends to plead

each and every defense as may be applicable and set forth and provided by Public Health Law, Section 2805(d).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE.

SIXTEENTH.  Defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE.

SEVENTEENTH.  The injuries and damages alleged, all of which are denied by the defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of defendant.

**WHEREFORE**, defendant demands judgment dismissing the Complaint as to answering defendant, together with costs, interest and disbursements of this action.

/S/
PATRICIA E. PERMAKOFF, For the Firm (7488)
MORRIS DUFFY ALONSO & FALEY
Attorneys for defendant
Office & P.O. Address

2 Rector Street - 22nd Floor
New York, New York 10006
(212) 766-1888

Case 1:07-cv-03141-JCF    Document 3    Filed 06/08/2007    Page 7 of 10

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK  )
                           SS.:

COUNTY OF NEW YORK )


      Maureen Fearon, being duly sworn, deposes and says: That deponent is not a party to the action and is over the age of l8 years.  That on the 4th day of June, 2007, deponent served the within ANSWER upon:


PODLOFSKY, HILL, ORANGE & MODZELEWSKI, LLP
Attorneys for plaintiff
98 Cutter Mill Road, #299-N
Great Neck, New York 11021
(516) 487-7300


those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.


                                          /S/_____
                                              MAUREEN FEARON

Sworn to before me this
4th day of June, 2007
                                          /S/_____

   NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

HELEN I. GREEN, as Executrix of the
Estate of MICHAEL H. LEVY, and HELEN
I. GREEN, Individually,

        Plaintiff,

-against-

ADVANCED CARDIOVASCULAR IMAGING,

        Defendant.

---

ANSWER

---

**MORRIS DUFFY ALONSO & FALEY**
Attorneys for Defendant
2 Rector Street - 22nd FL.
New York, New York 10006
(212) 766-1888

---

**PLEASE TAKE NOTICE :**

**[] NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on      20

**[] NOTICE OF SETTLEMENT**
that an order      of which the within is a true copy will be presented for
settlement to the HON.      one of the judges
of the within named court, at
on      20    at    M..

Dated:      Yours, etc.

      **MORRIS DUFFY ALONSO & FALEY**
      Attorneys for Defendant(s)
      Office and Post Office Address
To:      2 Rector Street
      New York, New York 10006

Attorneys for